UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Oscar F., <br><br> Petitioner, <br><br> v. <br><br> Pamela Bondi, Attorney General; Kristi Noem, Secretary, U.S. Department of Homeland Security; Todd M. Lyons, Acting Director of Immigration and Customs Enforcement; and David Easterwood, Acting Director, St. Paul Field Office Immigration and Customs Enforcement, <br><br> Respondents. | Civ. No. 26-165 (PAM/JFD) <br><br><br> **MEMORANDUM AND ORDER** |

This matter is before the Court on Petitioner Oscar F.'s Petition for Writ of Habeas Corpus. ("Pet." (Docket No. 1).) For the following reasons, the Court denies the Petition.

**BACKGROUND**

Petitioner Oscar F. is a citizen of Mexico. (Id. ¶ 7; Decl. of Angela Minner ("Minner Decl.") (Docket No. 5) ¶ 4.) Petitioner erroneously states that he "has had no contact with immigration authorities prior to" his arrest earlier this month. (Pet. ¶ 13.) Indeed, he has had significant contact with immigration authorities over the last two decades. On July 20, 2005, he entered the United States at an unknown date and time without inspection. (Minner Decl. ¶ 4; Pet. ¶ 44.) United States Border Patrol encountered him near

Concepcion, Texas, and processed him by voluntarily returning to Mexico. (Minner Decl. ¶ 4.) Petitioner later returned to the United States without inspection.

Petitioner repeatedly and falsely asserts that he has no criminal record. (Pet. ¶¶ 16, 23, 34.) On April 10, 2010, Immigration and Customs Enforcement ("ICE") encountered Petitioner at the Dallas County Jail, pursuant to his arrest for Driving While Intoxicated. (Minner Decl. ¶ 5.) Upon Petitioner's release from jail on May 4, 2010, ICE arrested him pursuant to an ICE detainer and again processed him by voluntarily returning him to Mexico. (Id.)

On April 15, 2014, Petitioner for a third time entered the United States without inspection, and Border Patrol encountered him near Laredo, Texas. (Minner Decl. ¶ 6.) Border Patrol processed him by Expedited Removal. (Id.) On April 16, 2014, the United States District Court in the Southern District of Texas convicted Petitioner of Illegal Entry, 8 U.S.C. § 1325, and sentenced him to 30 days' imprisonment. (Id. ¶ 7., Ex. A.) On May 14, 2014, he was formally removed under Expedited Removal. (Id. ¶ 8.)

On an unknown date and time, Petitioner re-entered the United States without inspection for the fourth time. (Id. ¶ 9.) On January 10, 2026, ICE arrested Petitioner and determined that he does not have legal authorization to remain in the United States. (Id. ¶ 10.) He remains in ICE custody and has been transferred from Minnesota to a facility in El Paso, Texas. (Id. ¶ 11.)

**DISCUSSION**

Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, asking the Court to order his immediate release or grant him an individualized bond hearing under

8 U.S.C. § 1226(a). Respondents contend that his detention is mandatory pending removal proceedings under § 1225(b)(2). The Court must therefore decide whether § 1225(b)(2) or § 1226(a) governs Petitioner's detention.

Relevant here, the INA creates a framework that controls the regulation of aliens, including their civil detention pending removal. Before 1996, the INA focused on the alien's physical entry into the country. In 1996, Congress enacted the Illegal Immigration Reform and Immigration Responsibility Act ("IIRIRA"), which amended the INA's framework to center on whether an alien has been lawfully admitted. See Matter of Yajure Hurtado, 29 I. & N. Dec. 216, 223 (BIA 2025). Thus, under the new framework, "applicants for admission" defines both aliens at the border and any alien "present in the United States" without lawful authorization. See 8 U.S.C. § 1225(a). "Now, in removal proceedings, the relevant distinction for procedural purposes is whether the immigrant has been lawfully admitted, regardless of actual physical presence." Torres v. Barr, 976 F.3d 918, 928 (9th Cir. 2020). Put differently, the IIRIRA undid the backwards requirement that aliens who presented at a port of entry had to be detained, while those who entered illegally without trying to prove their basis for admission to the country were not detained.

"When interpreting a statute, [courts] begin with the statute's plain language, giving words the meaning that proper grammar and usage would assign them. If the intent of Congress can be clearly discerned from the statute's language, the judicial inquiry must end." United States v. Lester, 92 F.4th 740, 742 (8th Cir. 2024) (cleaned up). Section 1225(a)(1) dictates that "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival

3

. . . ) shall be deemed for purposes of this chapter an applicant for admission." There is no dispute that Petitioner is an alien present in the United States. See id. And the facts are clear that he did not lawfully enter the United States, i.e., an immigration officer did not inspect him and authorize his entry. Id. § 1101(a)(13)(A) ("The terms 'admission' and 'admitted' mean, with respect to an alien, the lawful entry of the alien into the United States after inspection and authorization by an immigration officer.").

Section 1225(b)(2)(A) instructs that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." The plain reading of the text is that detention is mandatory. Other courts disagree with this reading, making distinctions based on the length of an alien's presence in the United States, an alien's efforts to secure lawful status here, or where an alien was apprehended. Such limitations are not found in the statute. "What governs this case is the text of the statute, not what other district courts have concluded." Mejia Olalde v. Noem, No. 1:25-CV-00168-JMD, 2025 WL 3131942, at *1 (E.D. Mo. Nov. 10, 2025).

Petitioner contends that because he has lived in the United States for more than two years, he is not "seeking admission," and thus he is not subject to § 1225(b)(2)(A)'s requirements. Indeed, many courts agree with Petitioner. However, the Court determines that the growing minority of district courts to reject Petitioner's argument are correct. See, e.g., Chavez v. Noem, 801 F. Supp. 3d 1133, 1140 (S.D. Cal. 2025); Lopez v. Ladwig, No. 6:25-CV-01884, 2026 WL 19095, at *4–6 (W.D. La. Jan. 2, 2026); Alberto Rodriguez v.

4

Jeffreys, No. 8:25CV714, 2025 WL 3754411, at *11–14 (D. Neb. Dec. 29, 2025); Melgar v. Bondi, No. 8:25CV555, 2025 WL 3496721, *10–14 (D. Neb. Dec. 5, 2025); Chen v. Almodovar, No. 1:25-CV-8350-MKV, 2025 WL 3484855, *3–6 (S.D.N.Y. Dec. 4, 2025); Mejia Olalde, 2025 WL 3131942, *3–4.  The text of § 1225(b)(2)(A) is clear that a noncitizen who is an "applicant for admission" is necessarily "seeking admission."  See Vargas Lopez v. Trump, No. 8:25CV526, 2025 WL 2780351, at *9 (D. Neb. Sept. 30, 2025) (explaining that "just because Vargas Lopez illegally remained in this country for years does not mean that he is suddenly not an 'applicant for admission' under § 1225(b)(2)"). Indeed, the law dictates that an alien's mere presence in the United States without lawful admission means that he or she is seeking admission "by operation of law."  Matter of Lemus-Losa, 25 I & N. Dec. 734, 743 n.6 (BIA 2012).  Respondents may lawfully detain Petitioner under § 1225(b)(2), which requires detention.  Thus, as a matter of law, Petitioner is not entitled to a bond hearing.

Both Petitioner and Respondents argue that Jennings supports their respective view, but Respondents have the better argument.  The Court determines that Jennings cannot be read so broadly as to mean that aliens who have been in the country for years must necessarily fall under § 1226(a).  See Jennings v. Rodriguez, 583 U.S. 281, 297 (2018). Jennings explains that § 1225(b)(2) is a "catchall provision," applying to all "applicants for admission," including those who unlawfully entered the country and are therefore "deemed" applicants for admission under § 1225(a)(1)'s definition.  Id. at 287.  As established, Petitioner is an applicant for admission.  Neither Petitioner nor Respondents argue that he qualifies for expedited removal under § 1225(b)(1).  "So if the Supreme

Court's reference to 'all applicants … not covered by § 1225(b)(1)' in fact means what it says, then [Petitioner] necessarily falls under the 'catchall provision.'" <u>Coronado v. Sec'y, Dep't of Homeland Sec.</u>, No. 1:25-CV-831, 2025 WL 3628229, at *9 (S.D. Ohio Dec. 15, 2025) (quoting <u>Jennings</u>, 583 U.S. at 287). Indeed, "[r]ead most naturally, §§ 1225(b)(1) and (b)(2) . . . mandate detention of applicants for admission until certain proceedings have concluded." <u>Mejia Olalde</u>, 2025 WL 3131942, at *2 (quoting <u>Jennings</u>, 583 U.S. at 297).

Petitioner fails to provide evidence that he has been lawfully admitted to the United States. "Admission" means lawful entry into the United States, not merely any presence here. 8 U.S.C. § 1101(a)(13)A). The statute's plain meaning prevails: Petitioner is an "applicant for admission" because he is present in this country and has not been admitted.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED that:**

1. The Petition (Docket No. 1) is **DENIED**; and

2. This action is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: <u>January 23, 2026</u>            *s/ Paul A. Magnuson*
                                         Paul A. Magnuson
                                         United States District Court Judge